UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x    Index No.:

**SEAN GRISSOM,**

                             Plaintiff,               **VERIFIED**

       -against-                        **COMPLAINT**

**METROPOLITAN TRANSPORTATION
AUTHORITY,**

                              Defendant.

-----------------------------------------------------------x

06 cv 728

*Judge Casey*

RECEIVED
JAN 3 1 2006
U.S.D.C. S.D. N.Y.
CASHIERS

        Plaintiff, **SEAN GRISSOM** by his attorneys **DOWD & MAROTTA, LLC,**

complaining of the Defendants, alleges as follows:

### JURISDICTION AND VENUE

      1.      This court has original and exclusive jurisdiction of this action under 28

U.S.C. §1338(a) because the action arises under the Copyright Act, 17 U.S.C. §101 <u>et</u>

<u>seq.,</u> .

      2.      Venue in this Court is proper pursuant to 28 U.S.C. § 1391 since

Defendant does business in this jurisdiction and all of the events described occurred in

New York County.  This Court also has personal jurisdiction over the Defendant based on

location of its headquarters in New York County.   Under New York Public Authorities

Law §1263 and the case law interpreting it, Defendant is amenable to suit in this forum

for the relief requested below.  <u>Hampton v. State of New York</u>, 168 Misc.2d 1036 (N.Y.

Ct. Cl. 1995).

Exhibit A       Exhibit B       Exhibit C

## PARTIES

3.      Upon information and belief, that at all times hereinafter mentioned, the Plaintiff, **SEAN GRISSOM** is an individual residing at 134 West 73rd Street, Apartment #3B, New York, New York 10023.   Mr. Grissom is a professional musician who earns a living performing as a cellist and writing and performing original musical works.

4.      Mr. Grissom doing business as Endpin Music Publishing is the copyright registrant for the sheet music, lyrics and sound recordings . <u>See</u> Exhibit A annexed hereto, Certificates of Registration SR 321-943, PA 1-090-774 and PA 1-014-225 along with CD titled "Sean Grissom Solo Cello Encore Series" containing original sound recordings.

5.      Upon information and belief, that at all times hereinafter mentioned, Defendant **METROPOLITAN TRANSPORTATION AUTHORITY.** (hereinafter "the MTA") is a New York public authority with its principal place of business at 347 Madison Avenue, New York, NY 10017.                        .

6.      On or around August, 2005 the MTA requested permission to use Plaintiff's musical compositions in a video titled "From the A to the Z - 100 Years of New York City Subway Cars" ("the Video").   A true copy of the Video on a VHS tape is annexed hereto as Exhibit "B".

7.      On or around September 27, 2005 Winston Mitchell called Plaintiff on behalf of the MTA to say that he had not executed a release form for the music in the Video.

2

8.      Plaintiff objected to signing a blanket release form.   Mitchell could not tell Plaintiff which songs were used in the Video.

9.      Without obtaining Plaintiff's written permission, the MTA incorporated Plaintiff's musical compositions into the Video and, commencing on or around October 1, 2005, broadcast the Video frequently via television on multiple channels.

10.      Each broadcast was an infringement of Plaintiff's copyrights.

11. "Zee Ruby Boogie" appears in the Video at approximately the following times: 1. 8:49-10:34 and 2. 10:44-11:12.

12.      "Simply, A Waltz" appears in the Video at approximately the following times: 4:29-5:27.

13.      The approximate total usage time is two minutes and 13 seconds.

14.      The amount of the usage is so great that no "fair use" or "de minimus usage" defenses are available.

15.      On October 7, 2005, Plaintiff wrote to the MTA's video producer, Carol Lockhart/Garza via certified mail, return receipt requested to inform her that any use of the Video would constitute copyright infringement.   A true copy of the letter is annexed hereto as Exhibit "C".

16.       On October 28, 2005 Ms. Lockhart/Garza wrote back to apologize

17.      Even after receiving Plaintiff's letter which clearly stated "every airing of [the Video] constitutes a violation of my copyrights.  Bear in mind that this is an infringement, and each infringement carries a monetary penalty in a court of law", the MTA continued to broadcast the Video.

3

18.    Upon information and belief, the MTA has made additional reproductions and broadcasts of the Video without permission.

19.    Each and every broadcast containing Plaintiff's copyrighted works constituted willful infringement of copyright.

20.    Each and every reproduction of Plaintiff's copyrighted sound recording constituted willful infringement of copyright.

### AS AND FOR A FIRST CAUSE OF ACTION: COPYRIGHT INFRINGEMENT

21.    Plaintiff repleads and realleges each and every allegation of paragraphs "1" through  "20" inclusive, as if specifically pleaded herein.

22.    SEAN GRISSOM  is the sole proprietor of all rights, title, and interest in and to the copyright of the sound recording and underlying musical composition of "Zee Ruby Boogie" registered with the United States Office of Copyright pursuant to 17 U.S.C. 411(a).  See Exhibit A.

23.    The sound recording is material wholly original to and authored by SEAN GRISSOM and is copyrightable subject matter under the laws of the United States.

24.    Defendant METROPOLITAN TRANSPORTATION AUTHORITY infringed Plaintiff's copyright, in violation of the Copyright Act, 17 U.S.C. §101 et seq., by knowingly.

25.    Plaintiff prays for an order awarding statutory damages pursuant to 17 U.S.C. §504(c) of up to $150,000 per infringement.

### AS AND FOR A SECOND CAUSE OF ACTION:

4

## AS AND FOR A SECOND CAUSE OF ACTION:
## COSTS AND ATTORNEYS' FEES

26.     Plaintiff repleads and realleges each and every allegation of paragraphs "1"

through "25" inclusive, with the same force and effect as if specifically pleaded herein.

27.     Pursuant to 17 U.S.C. §505, this Court may allow the recovery of full

costs and reasonable attorneys' fees in any civil action brought pursuant to the Copyright

Act.

28.     Accordingly, Plaintiff requests that this Court award Plaintiff reasonable

attorneys' fees and the costs of this action pursuant to 17 U.S.C. §505.

WHEREFORE Plaintiff demands:

(1)     That judgment be entered against Defendant the METROPOLITAN

TRANSPORTATION AUTHORITY in favor of Plaintiff for statutory damages to which

Plaintiff is entitled as a consequence of Defendants' infringement of said copyright but in

no case less than $750,000.

(2)     That Plaintiff be awarded the costs of this action and reasonable attorney's

fees to be fixed by the court.

(3)     That Plaintiff have such other and further relief as is just.

Dated: New York, New York         **DOWD & MAROTTA, LLC**
        January 30, 2006

By:     RAYMOND J.  DOWD (RD 7508)
          277 Broadway, Suite 1310
          New York, NY 10007
          Tel: (212) 349-1200

## INDIVIDUAL VERIFICATION

Sean Grissom, being duly sworn, deposes and says:

    1.  That I am Plaintiff in the action herein.

    2.  I swear under penalties of perjury of the laws of the United States of America that I have read the annexed Complaint and know of the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

_____
Sean Grissom